IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEGHENY LUDLUM, LLC, | |
| *Plaintiff*, | Civil Action No. 2:17-cv-1243 |
| v. | Hon. Peter J. Phipps |
| LIBERTY MUTUAL INSURANCE COMPANY, *et al*, | |
| *Defendants*. | |

## ORDER OF COURT

Oral argument having been heard at the telephonic status conference on May 8, 2019, and for the reasons set forth on the record, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel, ECF No. 84 (Jan. 22, 2019), is GRANTED to permit the relief identified below:

- In response to Plaintiff's Second Set of Interrogatories, ECF Nos. 85-25, 85-26 (Jan. 22, 2019), Defendants, Liberty Mutual Insurance Company and Liberty Mutual Fire Insurance Company (the "Liberty Mutual Defendants"), and Hartford Casualty Insurance Company and Hartford Accident and Indemnity Company (the "Hartford Defendants"), shall by **June 10, 2019,** (i) identify other of their policyholders among the *Bell Carr* defendants with policy periods pre-May 1999, and (ii) state whether coverage was denied for those *Bell Carr* defendant policyholders.

- In response to Plaintiff's Second Set of Requests for Production of Documents, ECF Nos. 85-27, 85-28 (Jan. 22, 2019), for any policyholders identified in the second set of interrogatories, Liberty Mutual Defendants and Hartford Defendants shall produce by **June 10, 2019,** (i) claim notes and remarks in the claims files for other *Bell Carr* defendants, (ii) denial of coverage letters, and (iii) coverage position letters.

- With respect to Plaintiff's Fed. R. Civ. P. 30(b)(6) requests, ECF Nos. 85-34, 85-35 (Jan. 22, 2019), Liberty Mutual Defendants and Hartford Defendants shall designate and make available witness(es) for deposition by **July 10, 2019**.

IT IS FURTHER ORDERED that Liberty Mutual Defendants' Motion to Amend, ECF No. 90 (Feb. 5, 2019), and Hartford Defendants' Motion to Amend, ECF No. 92 (Feb. 6, 2019), are hereby DENIED for the reasons stated on the record. Defendants had sufficient knowledge of the applicability of a voluntary payment defense well before the deadline to amend pleadings. Allowing an amendment for alternative defenses would prejudice the established case management plan at this stage of the case. And Defendants have not otherwise met the good cause standard of Fed. R. Civ. P. 16(b)(4).

BY THE COURT:

**May 8, 2019**　　　　　　　　　　　　　／s／ *Peter J. Phipps*
Date　　　　　　　　　　　　　　　　　　PETER J. PHIPPS
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE